By the Court,
Jones, J.
The complaint counts upon the negligence and carelessness of the defendants. I do not understand it to be urged that the defendants are liable for the injury in question, if it occurred without the negligence or carelessness of the defendants. There is no authority for such a position.
The existence of carelessness or negligence on the part of the defendants is a constituent part of the plaintiff’s cause of action ; and being such, the burden of proof rests on the plaintiff to establish such carelessness or negligence.
If, then, there is no evidence tending to show carelessness or negligence on the part of the defendants, the nonsuit must be sustained.
The proof on this question of negligence is this : The plaintiff’s boat was lying the third boat below the lock ; blasting had been done in 1846 about four or five boat lengths below the lock. A canal boat is about sixty-six feet in length, thus *237 making the blasting at least sixty feet below the plaintiff’s boat. The rock fell in 1858, twelve years after the blasting, and there is no proof of any previous falling of rock. The rock at this point was one hundred feet high, and the piece in question fell from a height of about twenty-five feet.
Upon this proof the nonsuit must be sustained if the court holds that the mere fact of a piece of rock falling in a vicinity where blasting had been done twelve years prior, there being no proof that the fallen rock was, in fact, shaken or disturbed by such blasting, and no proof as to the distance at which a blasting will shake the surrounding rock, or as to whether the rock in question fell within that distance, is insufficient to establish that the falling of the rock was occasioned by the loosening or disturbance thereof by said blasting. I think the court must so hold ; to hold otherwise would carry the doctrine of presumptive evidence to too great an extent. It is contended that we cannot so hold, because it is insisted that if the rock had not been shaken by the blasting, it would not have fallen. This argument assumes two things : First. That no natural causes existed which may have caused the detachment; the non-existence of such causes is not proved, and in the absence of proof the court cannot assume such nonexistence. Second. That the piece which fell was part of the original formation of rock, and not a mere boulder; the proof on which point is that the. witness who gazed upwards from his boat to the height of twenty feet, swears that the rocks about the spot where this piece fell appeared cracked and rotten, which seems' to me wholly insufficient to establish that the piece was a part of the original formation of rock.
Again, the nonsuit must be sustained if the court holds that the bare fact of the falling of the rock being the remote consequence of the blasting, (assuming for this point that it was the remote consequence of the blasting,) was insufficient evidence to establish either that the blasting was not done with that ordinary and reasonable care which the particular operation required, or that ordinary and reasonable care was not *238 taken to remove, or guard from falling, such portions of the rock as were, with any reasonable probability, in the exercise of human foresight, rendered liable to fall, in consequence of the blasting. I think the court must so hold. The fact that the rock had stood for twelve years, without any piece falling, is a strong circumstance to show that all such proper and reasonable care above referred to was taken. There is no evidence that falling of rocks in this particular locality was so frequent as to put the company or their servants on guard to prevent future fallings, and there is no evidence tending to show that any thing had occurred to notify the company or their servants that this particular rock, or any rock in the neighborhood, had, by blasting or by lapse of time, or from any other cause, become so precarious as to be unsafe, and the company and their officers were clearly not aware of that fact.
The doctrines relating to actions brought for injuries occasioned by public nuisances in a public highway, laid down in the case of Irvin v. Wood, (ante, p. 138,) have no application to this case. Those doctrines are founded on the principle that it is unlawful, (without license from those having the care, custody and management of the highway,) to interfere with a highway, and therefore one who so interferes becomes liable from the mere fact of such interference, although the greatest care and caution was observed. It was not necessary in that case, nor is it necessary in this one, to decide whether the fact of a license for the interference having been given by the authorities having the care, custody and management of the highway would make any difference in the liability of the interferes Those doctrines relating to such nuisances have, I repeat, no application to this case.
A canal or railroad, owned by an incorporated company or individuals, is not such a public highway as to render an interference therówith by the owner unlawful. Such owners are not responsible for accidents, if they do not arise from either a want of reasonable care, or, if the owners be an incorporated company, from an omission to perform an express requirement *239 of the act of incorporation. (Wilson v. Susquehannah Turnpike Road Co., 21 Barb. 68. Exchange Fire Insurance Co. v. Delaware and Hudson Canal Co., 10 Bosw. cited from p. 183.)
J udgment must be entered for the defendants, with costs.